IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TAMMY CANTU, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:19-CV-2541-N |
| | § | |
| TRINITY FINANCIAL SERVICES LLC | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendant Trinity Financial Services, LLC's ("Trinity") motion to dismiss [4]. For the following reasons, the Court grants Trinity's motion and grants Plaintiff Tammy Cantu leave to replead.

### I. ORIGINS OF THE DISPUTE

Cantu entered into a mortgage in 2006, and the mortgage note and deed of trust were later transferred to Trinity. Cantu states that she was unable to continue paying the mortgage payments, and Trinity foreclosed on the property. But Cantu alleges that Trinity never provided proper notice prior to the foreclosure. Cantu filed suit in Texas state court and obtained a temporary restraining order. Cantu also asserted claims of wrongful foreclosure, fraud, and violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 *et seq.*, and its implementing regulations in Regulation X of the Code of Federal Regulations. Trinity removed the suit and now moves to dismiss Cantu's complaint.

MEMORANDUM OPINION AND ORDER – PAGE 1

## II. MOTION TO DISMISS LEGAL STANDARD

When addressing a Rule 12(b)(6) motion to dismiss, the Court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). To survive dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To satisfy this standard, a plaintiff must plead factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted).

In ruling on a Rule 12(b)(6) motion, the Court generally limits its review to the face of the pleadings, accepting as true all well-pleaded facts and viewing them in the light most favorable to the plaintiff. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). However, the Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (internal quotations and citations omitted).

### III. THE COURT GRANTS TRINITY'S MOTION

### A. *The Court Dismisses Cantu's Wrongful Foreclosure Claim*

Under Texas law, a wrongful foreclosure claim requires the plaintiff to show "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App. – Corpus Christi-Edinburg 2008, no pet.). "Texas requires strict compliance with a deed of trust, including notice conditions . . . ." *LSR Consulting, LLC v. Wells Fargo Bank, N.A.*, 835 F.3d 530, 532 (5th Cir. 2016) (internal citations omitted). The Texas Property Code indicates that service of notice is complete when sent via certified mail. TEX. PROP. CODE § 51.002(e) ("Service of a notice under this section by certified mail is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address."). The Code does not require that a debtor receives the notice. *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013); *see also Warren v. Bank of Am., N.A.*, 2013 WL 8177096, at *6 (N.D. Tex. Nov. 15, 2013) (noting that constructive notice satisfies the Texas Property Code's notice requirement).

Here, the Court holds that Cantu failed to allege a wrongful foreclosure claim. Cantu's complaint alleges that Trinity failed to provide her with notice under the deed of trust and under the Texas Property Code. Notice of Removal, Ex. C-1 ("Cantu's Compl.") 6 [1]. Trinity argues that it provided proper notice, and Cantu's allegations fail to plausibly allege any elements of a wrongful foreclosure claim. *See* Def.'s FRCP

MEMORANDUM OPINION AND ORDER – PAGE 3

12(b)(6) Mot. Dismiss Pl.'s Original Compl. Failure State Claim Relief Can Be Granted and Br. Supp. Thereof ("Trinity's Mot.") 3–6 [4]. The Court agrees with Trinity and determines that Cantu failed to sufficiently state a wrongful foreclosure claim. Cantu's allegations do not establish a plausible claim that Trinity failed to provide proper notice. Further, the Court concludes that Cantu's conclusory allegations do not establish that the home sold for a grossly inadequate price or a causal connection between the alleged violation of the notice requirement and the allegedly inadequate selling price. Without more, the Court concludes that Cantu's allegations are insufficient.

### B. The Court Dismisses Cantu's Fraud Claim

When pleading a fraud claim, even a state-law fraud claim, a party must meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b). FED. R. CIV. P. 9(b); *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 550–51 (5th Cir. 2010) (explaining that Rule 9(b) applies to state-law fraud claims). Specifically, the plaintiff must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Sullivan*, 600 F.3d at 551 (internal citations and quotations omitted). In other words, the plaintiff must show "the who, what, when, where, and how" of the alleged fraud. *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) (internal quotations and citations omitted). Further, a plaintiff must "identify specific statements made by the party who allegedly made the representation." *7-Eleven Inc. v. Puerto Rico-7 Inc.*, 2008 WL 4951502, at *2 (N.D. Tex. Nov. 19, 2008) (Boyle, J.) (citing *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 179 (5th Cir. 1997)).

MEMORANDUM OPINION AND ORDER – PAGE 4

Here, the Court determines that Cantu failed to plead her fraud claim with sufficient particularity. Cantu alleges a common law fraud claim by stating that Trinity was fraudulent by not providing notice and an opportunity to cure, as required by the deed of trust, prior to initiating the foreclosure of her property. Cantu's Compl. 8. Yet, Cantu does not meet the required common law heightened pleading standard. Cantu fails to allege the specific who, what, when, and where of Trinity's allegedly fraudulent behavior. Thus, the Court concludes that Cantu's fraud claim is insufficient.

### C. The Court Dismisses Cantu's RESPA and Regulation X Claim

Cantu asserted a private right of action under 12 U.S.C. § 2605(f) for Trinity's alleged violation of Regulation X of the Code of Federal Regulations. Section 1024.41 regulates loss mitigation procedures provided by loan servicers and is privately enforceable via section 6(f) of RESPA. *See* 12 U.S.C. § 2605(f); 12 C.F.R. §1024.41(f). In order to state a claim under section 1024.41, a plaintiff "must allege facts that demonstrate that the loan modification application at issue is their first complete loss mitigation application and that they suffered actual damages as a result of defendant['s] failure to comply with the loss mitigation procedures established in [section] 1024.41." *Wilson v. Deutsche Bank Trust Co. Ams.*, 2019 WL 5840325, at *4 (N.D. Tex. Nov. 7, 2019).

Cantu alleges that Trinity violated the regulations by failing to provide Cantu with notice and an option to cure the default. Cantu's Compl. 9. However, Cantu fails to allege that she ever submitted a loss mitigation application. Thus, the Court holds that Cantu failed to sufficiently plead her claim for violations of RESPA and Regulation X.

MEMORANDUM OPINION AND ORDER – PAGE 5

### IV. THE COURT GRANTS CANTU LEAVE TO FILE AN AMENDED COMPLAINT

The Court grants Cantu leave to file an amended complaint. When a motion to dismiss is based on complaint insufficiency, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). "If it appears that a more carefully drafted pleading might state a claim upon which relief could be granted, the court should give the claimant an opportunity to amend his claim rather than dismiss it." *Kennard v. Indianapolis Life Ins. Co.*, 420 F. Supp. 2d 601, 608–09 (N.D. Tex. 2006) (Fish, C.J.) (internal quotations and citations omitted). Cantu has not amended her pleading yet, and she has not advised the Court that she is unwilling or unable to amend. Thus, Court grants Cantu leave to amend her complaint. Cantu should file her amended complaint within thirty (30) days of this Order.

CONCLUSION

The Court determines that Cantu failed to sufficiently plead her claims against Trinity, but the Court grants Cantu leave to amend her pleadings within thirty (30) days of this Order. If Cantu does not replead within that time, the Court will dismiss this action with prejudice without further notice.

Signed May 18, 2020.

David C. Godbey
United States District Judge